# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAEGAN ROBISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. CIV-14-481-D |
| | ) |
| GARDEN RIDGE, L.P. d/b/a | ) |
| GARDEN RIDGE, a Foreign Limited | ) |
| Partnership, and GARDEN RIDGE | ) |
| MANAGEMENT, LLC, a Foreign | ) |
| Limited Liability Company, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

Upon review of the Notice of Removal, the Court finds insufficient factual allegations to establish the existence of federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.[1] Specifically, Defendants are alleged to be a limited partnership and a limited liability company, but the only allegations regarding their citizenship state that they were formed in states other than Oklahoma and their principal places of business are outside Oklahoma.

The citizenship of a limited partnership is the citizenship of all partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Also, federal appellate courts have unanimously held that a limited liability company should not be treated like a corporation under 28 U.S.C. § 1332(c)(1), but like a limited partnership or other unincorporated association under *Carden*. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

(6th Cir. 2009); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc*., 435 F.3d 51, 54 (1st Cir. 2006); *General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc*., 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Notice of Removal contains no information concerning the citizenship of the partners of the limited partnership or the members of the limited liability company and, therefore, fails to allege the citizenship of these defendants.

IT IS THEREFORE ORDERED that Defendants shall file an amended notice of removal to allege the existence of diversity jurisdiction not later than May 23, 2014.[2]

IT IS SO ORDERED this 16th day of May, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Defendants need not re-file the exhibits attached to the Notice of Removal but may incorporate them by reference pursuant to Fed. R. Civ. P. 10(c).