IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MAEGAN ROBISON, )
)
    Plaintiff, )
)
vs. ) Case No. CIV-14-481-D
)
GARDEN RIDGE, L.P., d/b/a )
GARDEN RIDGE, a Foreign Limited )
Partnership, and GARDEN RIDGE )
MANAGEMENT, LLC, a Foreign )
Limited Liability Company, )
)
    Defendants. )

# **PROTECTIVE ORDER**

Upon Joint Motion [Doc. No. 12] of the parties and for good cause, the Court enters the following Protective Order governing confidential and private material obtained in this case.

    1.    The following materials obtained during the course of this litigation are deemed private and confidential and subject to this Order:

        A.    Medical, psychological or counseling records, and marital records related to the Plaintiff or any other person and information contained in such records.

        B.    Tax returns, pay stubs, loan applications, financial statements and W-2 forms related to the Plaintiff. Non-public financial information of the Defendants. Salary, payroll, tax, insurance, benefit or retirement records and beneficiary designations or like records of any persons including employees of the corporate Defendants.

        C.    Social Security numbers and dates of birth of any persons.

D.  Unlisted home addresses or unlisted home phone numbers.

E.  Educational records of any persons to the extent such records are covered by 20 U.S.C. § 1232g(4).

F.  Trade secrets which are defined to mean: "a secret, commercially valuable plan, formula, process, or device that is used for the making, preparing, compounding, or processing of trade commodities and that can be said to be the end product of either innovation or substantial effort." ***Herrick v. Garvey***, 298 F.3d 1184, 1190 (10th Cir., 2002).

G.  Proprietary information regarding Defendants' policies, procedures and suppliers, which is not publicly available.

2. The confidential materials described above shall remain confidential and, absent permission by the Court, will be used only for the purpose of preparation and presentation of this case.

3. Subject to special limitations on tax returns, educational records, marital records, medical, psychological and counseling records, such materials may be disclosed to:

    A.  The parties;

    B.  The attorneys for the parties and the attorneys' staff;

    C.  Court staff and staff of the Court Clerk;

    D.  Any witness during the course of depositions;

    E.  Any court reporter or videographer;

    F.  Any person who is or reasonably may be expected to be a witness in this action, and

      G.     Any person who reasonably would need to see such materials in order give testimony or information related to the case, to form opinions or to serve as a consultant with regard to issues in the action.

4. In the case of tax returns, grade transcripts, marital records, medical, psychological or counseling records, trade secrets, and other proprietary business information, the records or the contents thereof may be disclosed only to the following persons without leave of Court: (1) the Court, Court Clerk and staff of those entities; (2) counsel for the parties; (3) expert witnesses or consultants who are qualified to evaluate such records; and (4) the person who is the subject of the records or the guardian of such person. This Order shall not preclude either counsel from communicating a general assessment or analysis of the impact of the records or their contents or an assessment or analysis by their expert witness(es) to their clients or insurance representatives for purposes of settlement discussion or case preparation.

5. In order to comply with HIPAA requirements and particularly 45 C.F.R. § 164.512(v)(A), (B), a party receiving medical records must:

      A.     Not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

      B.     Must return such information to either the entity from which it was received, or the attorney of the party to whom it pertains or destroy the protected health information (including all copies made) which actions must be taken at the end of the litigation or proceeding.

6. In the case of disclosure of records or confidential information to persons who are potential witnesses as described in Par. 3(D), (F), and/or (G), the disclosing

party may not provide the potential witness with a copy of any confidential document but may show such document or orally share that information. Such persons must be advised that the information is subject to a confidentiality order and that such order applies to them. Such persons must be advised that they must maintain such information as confidential.

7. Confidential records subject to this Order need not generally be filed or presented under seal. Personnel records of third parties may be filed provided that the names of the third-parties and identifying information (except for initials or similar designations) are redacted. Medical, counseling or psychological records, marital records, grade transcripts, trade secrets and non-public financial records or tax returns may be sealed along with the portions of any transcripts of testimony, reports or other documents which would disclose information contained in such records. When filing documents under seal the filing party must comply with the ECF Policies and Procedures Manual, § III.A. Specifically, prior to filing any document under seal, leave of Court shall be requested by filing a motion and submitting a proposed order to the Court. If the motion is granted, the filer shall deliver the original of the document in a clearly identified envelope to the Clerk. For example, if Exhibit 14 to a motion for summary judgment should be sealed, the motion and exhibit should be filed electronically with the following notation at Exhibit 14: "Exhibit 14 filed under seal pursuant to Court order issued [date]." The original of Exhibit 14 should then be delivered to the Clerk in a clearly identified envelope. Parties will be allowed to redact other confidential information from documents filed with the Court unless that confidential information is material to the issue being presented. The party entitled to hold

the information as confidential may waive either the confidentiality of all or part of any otherwise confidential information or waive the requirement that any portion of information be filed under seal, however such waiver will not be implied but must be made expressly by the party.

8. Information that is confidential shall be marked confidential. Trade secrets shall be marked as trade secrets.

9. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record. Counsel shall instruct any individual who views confidential information that such person is bound by the terms of this Order and must not reveal the information to any other persons.

10. The inadvertent or unintentional failure to designate any information confidential pursuant to this Order or to assert a claim of privilege or work product immunity shall not constitute a waiver of any otherwise valid claim for protection so long as such claim is asserted within fifteen (15) days of the initial production or disclosure. Within that time the designating party may substitute properly labeled copies of confidential information or identify by Bates number the documents claimed as privileged and shall provide a privilege log setting out those facts necessary to establish each element of the privilege. Upon receiving notification of the claim of privilege, the receiving party shall return all originals and copies of those documents without prejudice to that party's right to contest the designation of privilege.

11. This Order shall remain in force unless and until it is modified by this Court.

12. Information filed of record or presented in open court shall, except for sealed information, cease to be confidential when so filed or presented subject,

however, to the right of either party to move separately for the sealing of such information or for its withdrawal from the public record.

13. The entry of this Protective Order does not constitute a determination that any material designated as confidential is either relevant, admissible or subject to being produced during discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

14. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

15. At the conclusion of the litigation– which includes completion of all appeals, matters on remand or the expiration of time for appeals– counsel shall, if requested, return tax records, medical or counseling records, marital records, educational records and trade secrets. The balance of any other confidential records shall be returned or destroyed at counsel's option after the passage of five years. If a party seeks the return of confidential documents which have been copied or obtained at the expense of the opposing party, the party seeking their return must reimburse the other party for those initial copying expenses and any costs associated with return of such documents. It is in all instances the responsibility of the party seeking return of documents to make a formal request for return and set out the proposed manner of return.

IT IS SO ORDERED this 10th day of July, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE